UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO.  08-20299-CIV-UNGARO
                              MAGISTRATE P. A. WHITE

STUART DUANE AURICH,              :

          Plaintiff,              :

v.                                :          REPORT OF
                                             MAGISTRATE JUDGE
TIM YOUNGQUIST, et al,            :

          Defendants.             :
_____

     The pro-se plaintiff, Stuart Duane Aurich,  filed a civil
rights complaint pursuant to 42 U.S.C. §1983,(De#1) The plaintiff,
now confined in the Saginaw Correctional Facility in Michigan
alleges that Tim YoungQuist and the YoungQuist Brothers, INC
violated his civil rights. The plaintiff has filed a motion to
proceed  in forma pauperis, and is permitted to proceed.

     This civil action is before the Court for an initial screening
pursuant to 28 U.S.C. §1915.

                         II.  Analysis


     A.  Applicable Law for Screening

       As amended, 28 U.S.C. §1915 reads in pertinent part as
follows:

        Sec. 1915 Proceedings in Forma Pauperis

                         *    *    *

(e)(2) Notwithstanding any filing fee, or
any portion thereof, that may have been paid,
the court shall dismiss the case at any time
if the court determines that –

        \*   \*   \*

(B) the action or appeal –

        \*   \*   \*

(i)  is frivolous or malicious;

(ii) fails to state a claim on which
relief may be granted; or

(iii) seeks monetary relief from a
defendant who is immune from such
relief.

This is a civil rights action pursuant to 42 U.S.C. §1983.
Such actions require the deprivation of a federally protected right
by a person acting under color of state law. See: 42 U.S.C. §1983,
Polk County v Dodson, 454 U.S. 312 (1981); Whitehorn v Harrelson,
758 F.2d 1416, 1419 (ll Cir. 1985). The standard for determining
whether a complaint states a claim upon which relief may be granted
is the same whether under 28 U.S.C. §1915(e)(2)(B) or Fed.R.Civ.P.
12(b)(6) or (c).  See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11
Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the
language of Federal Rule of Civil Procedure 12(b)(6)").  When
reviewing complaints pursuant to 28 U.S.C. §1915(e)(2)(B), the
Court must apply the standard of review set forth in Fed.R.Civ.P.
12(b)(6), and the Court must accept as true the factual allegations

2

in the complaint and all reasonable inferences that can be drawn therefrom. In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. Whitehorn v. Harrelson, 758 F.2d 1416, 1419 (11 Cir. 1985). Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."' Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The Eleventh Circuit recently confirmed that there is a heightened pleading standard in §1983 actions against entities that can raise qualified immunity as a defense. Swann v. Southern Health Partners, Inc., 388 F.3d 834, 837 (11 Cir. 2004). While Fed.R.Civ.P. 8 allows a plaintiff considerable leeway in framing a complaint, the Eleventh Circuit has tightened the application of Rule 8 with respect to §1983 cases in an effort to weed out nonmeritorious claims, requiring that a §1983 plaintiff allege with some specificity the facts which make out its claim. GJR Investments, Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1367 (11 Cir. 1998); Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11 Cir. 1992), cert. denied sub nom. Deutcsh v. Oladeinde, 507 U.S. 987 (1993). Nevertheless, the threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim. Ancata v. Prison Health Servs., Inc., 769 F.2d 700, 703 (11 Cir. 1985).

   B.  Factual Allegations

     The plaintiff was working for Tim YoungQuist, owner of the YoungQuist Brothers Inc. He states that on February 7, 2006, he injured himself while driving Rig#511, when he fell into a sump

3

hole. He states that there was no safety guard rail around the sump hole, and that his injuries were caused by the negligence of the owner and the company. He seeks monetary damages.

C.   <u>Analysis of Sufficiency of Complaint</u>

While the Court is sympathetic to the plaintiff's plight, a civil rights complaint is not the proper vehicle for relief. In the first place suits for negligence and malpractice are state torts and cannot be brought in a Civil Rights Case. The plaintiff must allege the denial of a constitutional right. <u>See</u> 42 U.S.C. §1983.

Secondly, Defendant Tim YoungQuist is a private citizen and YoungQuist Brothers, Inc. is a privately owned company, and do not act under color of state law,  therefore claims against both YoungQuist and his company are not cognizable under 42 U.S.C. §1983. <u>See</u>: <u>Polk County , supra</u>.

III.   <u>Conclusion</u>

It is therefore recommended that the Complaint be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated this 13th day of February, 2008.

_____

UNITED STATES MAGISTRATE JUDGE

cc:   Stuart Duane Aurich, <u>Pro Se</u>
      #547683
      Saginaw Correctional Facility
      Freeland, Michigan
      Address of Record